UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON S. PERRY,

    Petitioner,

        v.                         CAUSE NO. 3:25-CV-74-CCB-SJF

WARDEN,

    Respondent.

## OPINION AND ORDER

Jason S. Perry, a prisoner without a lawyer, filed a motion for leave to amend the habeas petition. ECF 3. As Perry notes, he does not require leave of court to amend at this early stage of the proceedings. *See* Fed. R. Civ. P. 15(a)(1). Consequently, the court grants the motion to amend to the extent that Perry asks the court to recognize the attached exhibit (ECF 3-1) as the operative amended petition.

Perry filed an amended habeas corpus petition to challenge his conviction for murder under Case No. 65C01-1402-MR-64.[1] Following a guilty plea, on May 19, 2014, the Posey Circuit Court sentenced him to eighty-five years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

In the amended petition, Perry asserts that he is entitled to habeas relief because the Posey Superior Court misconstrued evidence submitted by him during State post-conviction proceedings. Because there is no federal right to fair post-conviction proceedings in State court, Perry cannot obtain habeas relief on this claim. *See Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996) ("No constitutional provision or federal law entitles [the habeas petitioner] to any state collateral review . . . . [E]rrors in state collateral review cannot form the basis for federal habeas corpus relief.").

Perry further asserts that he is entitled to habeas relief because he received ineffective assistance of trial counsel because trial counsel failed to suppress his statements based on their involuntary nature and based on violations of his *Miranda* rights. He further asserts that trial counsel failed to suppress evidence obtained pursuant to a search warrant. He also asserts that trial counsel had a conflict of interest because trial counsel also represented one of Perry's accusers.

The statute of limitations for habeas petitions states as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

>been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on review of the amended petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. Perry was sentenced on May 19, 2014, and he did not pursue a direct appeal. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for initiating a direct appeal expired on June 18, 2014. *See* Ind. R. App. 9(A)(1) (notice of appeal must be filed within thirty days). 330 days later, on May 13, 2015, Perry initiated State post-conviction proceedings, which culminated in the Indiana Supreme Court's denial of transfer on May 16, 2024. The federal limitations period expired 35 days later on June 20, 2024. Perry did not file the initial petition in this habeas case until January 23, 2025.[2] Because Perry filed the initial petition seven months too late, the court finds that the claims are untimely. Perry asserts no basis to excuse the untimely nature of his claims, so the court will dismiss the habeas case as untimely.

---

[2] Here, the court notes that Perry raised the same claims in the initial petition that he did in the amended petition. As a result, the claims in the amended petition relate back to the date on which the initial petition was filed. *See* Fed. R. Civ. P. 15(c)(1)(B).

3

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Perry to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) **GRANTS** the motion to amend (ECF 3);

(2) **DISMISSES** the amended habeas petition (ECF 3-1) pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are untimely;

(3) **DENIES** Jason S. Perry a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(4) **DIRECTS** the clerk to close this case.

SO ORDERED on January 31, 2025

                                                                /s/*Cristal C. Brisco*
                                                                CRISTAL C. BRISCO, JUDGE
                                                                UNITED STATES DISTRICT COURT