UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON S. PERRY,<br><br>    Petitioner,<br><br>            v.<br><br>WARDEN,<br><br>    Respondent. | CAUSE NO. 3:25-CV-74-CCB-SJF |

## OPINION AND ORDER

Jason S. Perry, a prisoner without a lawyer, filed motions seeking to alter or amend the order denying habeas relief pursuant to Fed. R. Civ. P. 59(e). ECF 59. "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993).

In the amended habeas petition, Perry asserted that he was entitled to habeas relief because the Posey Superior Court misconstrued evidence submitted by him during State post-conviction proceedings. ECF 3-1. He also asserted various claims of trial counsel error. *Id.* On January 31, 2025, the court denied the habeas petition, finding that the post-conviction proceedings claim was not a valid basis for habeas relief and finding that the claims of trial counsel error were untimely. ECF 4.

In the pending motions, Perry focuses on his claim that the Posey Superior Court misconstrued evidence submitted by him during State post-conviction proceedings. He relies on *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996), for the proposition that "Unless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, errors in state collateral review cannot form the basis for federal habeas corpus relief." He argues that his claim presents a valid basis for habeas relief because, by misconstruing his evidence in post-conviction proceedings, the State courts violated his right to due process. He also argues that the State courts violated his right to equal protection of the law and the Confrontation Clause.

With respect to due process, Perry cites *Andrew v. White*, 145 S. Ct. 75, 83 (2025), which reaffirmed that "the ultimate question is whether a fairminded jurist could disagree that the evidence so infected the trial with unfairness as to render the resulting conviction or sentence a denial of due process." *Id.* Notably, *Montgomery* itself pertained to an asserted right to due process in a State post-conviction proceeding, and the Seventh Circuit rejected it as a basis for habeas relief as follows:

> [W]e cannot say that mere delay in receiving a ruling on a state [petition for post-conviction relief] violates the Due Process Clause. Although we have suggested that inexcusable delay in processing a direct criminal appeal may violate due process, the same does not hold true for delay in processing a collateral appeal. Due process does not include prompt resolution of collateral appeals. Whereas a direct criminal appeal has now become a fundamental part of the criminal justice system, state post-conviction relief is not a part of the criminal proceeding-indeed, it is a civil proceeding that occurs only after the criminal proceeding has concluded. Delay in processing that collateral claim does not make the continued imprisonment of the defendant unlawful, and hence, does not warrant federal habeas corpus relief.

*Montgomery*, 90 F.3d at 1206 (7th Cir. 1996). The *Andrews* holding, by its own terms, applies to evidentiary errors at trial rather than on post-conviction review when fewer constitutional protections are afforded, and, similar to the *Montgomery* petitioner, Perry cites no authority for the proposition that this holding applies with equal force to post-conviction proceedings. It is also unclear how an evidentiary error on post-conviction review could render Perry's conviction or sentence unreliable or his continued custody unlawful. The exhibits submitted by Perry indicate that the State courts left Perry's conviction and sentence unaltered on post-conviction review. ECF 1-1 at 193-205. While the post-conviction error may have prevented Perry from demonstrating that his conviction was unreliable and that his custody was unlawful through his other claims at the post-conviction stage, there is no indication that it "infected" Mayberry's criminal proceedings or his sentence with unreliability or unlawfulness.

Perry fares no better under the Confrontation Clause or the Equal Protection Clause. He did not frame his claim of post-conviction error as an equal protection claim based on his indigent status in his federal habeas petition or in his State appellate briefs as he suggests. ECF 1-1 at 22-72; ECF 3-1; ECF 3-2. Nor can the court plausibly construe the claim as bearing any relation to Perry's inability to confront his accusers. The claim specifically pertains to legal memorandum prepared by the State public defender's office, which did not accuse Perry of any crimes and does not contain a single testimonial statement as defined by *Davis v. Washington*, 547 U.S. 813 (2006). ECF 1-1 at 166-74. Further, the Confrontation Clause expressly applies to "criminal prosecutions" and cannot be violated by post-conviction proceedings, which, by their very nature,

3

cannot commence until after a conviction has been entered and the prosecution has been completed.

Moreover, upon further consideration of the claim of post-conviction error, the court finds that it is more appropriately characterized as a restatement of Perry's claims of trial counsel error. As suggested above, it is not clear how the habeas claim of post-conviction error could operate as a challenge to the lawfulness of Perry's custody without a substantial connection to some other claim raised in State post-conviction proceedings. *See* 28 U.S.C. § 2254(a) (habeas relief is available to a petitioner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). And, here and on post-conviction appeal, Perry argued that the misinterpretation of evidence affected the State courts' determination on his ineffective assistance of counsel claims. ECF 1-1 at 45; ECF 3-2 at 3. Specifically, he argued that "these findings could be used to conclude that any of the errors asserted by petitioner did not prejudice him." *Id.* Consequently, the claim of post-conviction error is identical to an argument that the State court's adjudication of his claims of trial counsel error "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(2).

In the dismissal order, the court found that the claims of trial counsel error were untimely. ECF 4. It seems unlikely that the Anti-Terrorism and Effective Death Penalty Act (AEDPA) would allow habeas petitioners to evade its timeliness requirements by recasting untimely claims as novel claims of post-conviction error. *See Duncan v. Walker*, 533 U.S. 167, 179 (2001) ("The 1–year limitation period of § 2244(d)(1) quite plainly

serves the well-recognized interest in the finality of state court judgments. This provision reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("Foreclosing litigants from bringing their claim because they missed the [AEDPA] filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests, and limitation periods work both ways."). Perry argues that the statute of limitations does not apply to his claims, but the operative statutory provision does not exempt any class of habeas claims from its purview. *See* 28 U.S.C. § 2244(d). Perry cites 28 U.S.C. § 2254(b)(1)(B), but, even if this statutory provision applied to Perry's claims, it would merely excuse him from the requirement that petitioners exhaust available State court remedies.

For these reasons, the court **DENIES** the motions to reconsider (ECF 6, ECF 7).

SO ORDERED on February 18, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT