UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON S. PERRY,

    Petitioner,

    v.                                  CAUSE NO. 3:25-CV-74-CCB-SJF

WARDEN,

    Respondent.

## OPINION AND ORDER

Jason S. Perry, a prisoner without a lawyer, filed a motion seeking to reopen this case under Rule 60(b)(1).[1] ECF 24. That rule authorizes the court to relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." "On January 31, 2025, the court dismissed the habeas petition, finding that the claims were untimely. ECF 4. Specifically, the court reasoned as follows:

> Based on review of the amended petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. Perry was sentenced on May 19, 2014, and he did not pursue a direct appeal. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for initiating a direct appeal expired on June 18, 2014. *See* Ind. R. App. 9(A)(1) (notice of appeal must be filed within thirty days). 330 days later, on May 13, 2015, Perry initiated State post-conviction proceedings, which culminated in the Indiana Supreme Court's denial of transfer on May 16, 2024. The federal limitations period expired 35 days later on June 20, 2024. Perry did not file the initial petition in this habeas case until January 23, 2025. Because Perry filed the initial petition seven months too late, the court finds that the claims are untimely. Perry

---

[1] Perry also filed a motion to amend the Rule 60 motion (ECF 25), but, upon review, it appears that the arguments presented in the motion to amend are intended to supplement rather than replace the arguments. Consequently, the court will deny the motion to amend but will consider the arguments presented in it in tandem with the arguments presented in the Rule 60 motion.

>asserts no basis to excuse the untimely nature of his claims, so the court will dismiss the habeas case as untimely.

*Id.* at 3.

Perry now argues that the court should reopen this case because he was entitled to equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioners must show reasonable diligence in pursuing their rights throughout the federal limitations period and until the date the habeas petition is filed. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). "It is the petitioner's burden to establish both of these points." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014). "[L]ack of representation is not on its own sufficient to warrant equitable tolling, nor is a petitioner's lack of legal training." *Id.* at 685. Whether to apply equitable tolling to a particular case is a matter for the court's discretion. *Mayberry v. Dittmann*, 904 F.3d 525, 530 (7th Cir. 2018); *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013).

Perry asserts that he is entitled to equitable tolling. He represents that the public defender declined to represent him in State post-conviction proceedings. He represents that he hired a private attorney to assist him with the State post-conviction proceedings in June 2021 but that that attorney withdrew from that case without doing "anything helpful." ECF 24 at 3. On July 10, 2023, Perry hired Attorney McGovern for the specific purpose of reviewing the merits of a post-conviction challenge to his murder conviction in Case No. 65C01-1505-PC-166 and to pursue an appeal of the denial of permission to

2

file a belated notice of appeal in Case No. 26C01-1906-PC-589. ECF 24-1 at 12-13. According to Perry, Attorney McGovern abandoned him after the Indiana Court of Appeals denied his appeal on November 28, 2023, in *Perry v. State*, 225 N.E.3d 178 (Ind. Ct. App. 2023). Thereafter, Perry diligently searched for other counsel but was unsuccessful. Perry was also in solitary confinement with limited access to legal research from March 2023 to December 2024.

Perry's primary argument for equitable tolling is that Attorney McGovern abandoned him and "did not leave [him] with any guide or direction as to how [he would] pursue the rest of his case." ECF 24 at 7. He relies on a line of cases for the proposition that, under certain circumstances, attorney error may amount to extraordinary circumstances warranting equitable tolling: *Holland v. Fla.*, 560 U.S. 631, (2010); *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005); *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003); *Nara v. Frank*, 264 F.3d 310 (3d Cir. 2001); *Calderon v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 128 F.3d 1283 (9th Cir. 1997). However, a key distinction between Attorney McGovern and the attorneys in the cited opinions is that those attorneys were retained for the purpose of filing a federal habeas petition, while Perry hired Attorney McGovern only for the purpose of litigating ongoing State court proceedings. Perry expresses that he understood that Attorney McGovern would litigate these matters "all the way to the U.S. Supreme Court if need be," but even this understanding would not encompass federal habeas review. ECF 25 at 4-5. Consequently, it does not appear that Attorney McGovern had any duty to Perry to advise him on federal habeas proceedings, so his failure to do so is not an extraordinary circumstance.

3

Further, it is unclear how Attorney McGovern might have otherwise prevented him from filing a timely habeas petition. Perry represents that Attorney McGovern misplaced his transcripts and documents but that he later found them and apologized to Perry for the mistake. However, given the timing of Attorney McGovern's abandonment, Perry must have regained access to these legal documents by November 2023. This would have allowed him six months to file a habeas petition before the limitations period expired in June 2024. Consequently, the misplaced legal document did not prevent Perry from filing a timely habeas petition.

It is also unclear how Perry's placement in solitary confinement prevented him from filing a timely habeas petition. Significantly, Perry does not describe any effort to file a timely habeas petition or to research post-conviction remedies while in solitary confinement. He does not, for example, suggest that he asked the law library to provide him with the proper form for a federal habeas petition but was refused. Perry also represents that he was able to keep boxes of legal materials in his cell even while in solitary confinement. While placement in solitary confinement may have made filing a timely habeas petition more difficult, Perry has not adequately demonstrated that it prevented him from doing so. Moreover, given the lack of description of any effort to filing a timely habeas petition prior to January 2025, the court cannot find that Perry acted with reasonable diligence and so cannot conclude that Perry is entitled to equitable tolling.

For these reasons, the court:

(1) **PARTIALLY GRANTS** the motion to amend (ECF 25); and

4

(2) **DENIES** the motion for relief from judgment (ECF 24).

SO ORDERED on January 26, 2026.

                                               /s/*Cristal C. Brisco*
                                               CRISTAL C. BRISCO, JUDGE
                                               UNITED STATES DISTRICT COURT