UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON S. PERRY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:25-CV-74-CCB-SJF |

**OPINION AND ORDER**

This matter is before the court on the court's own motion for review of subject matter jurisdiction. "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

On January 22, 2025, the petitioner, Jason S. Perry, initiated this case by filing a habeas petition to challenge his State court conviction. ECF 1. On January 29, 2025, he filed an amended petition. ECF 3. On January 31, 2025, the court dismissed the amended habeas petition as untimely. ECF 4. In February 2025, the court denied Perry's motions to reconsider the dismissal order seeking to reopen this case. ECF 8, ECF 10. On March 11, 2025, Perry filed a notice to appeal, initiating appellate proceedings in the Seventh Circuit under Case No. 25-1406. ECF 11. On January 28, 2026, Perry filed another motion to reconsider the dismissal order seeking to reopen this case. ECF 28. On February 3, 2026, the court granted the motion and reopened this case. ECF 29. On September 11, 2026, the Seventh Circuit Court of Appeals notified this court of a

potential jurisdictional problem that arose when the court granted the petitioner's motion to reconsider and reopened the case while the petitioner's appeal of prior orders remained pending. ECF 53. Having been alerted to this potential jurisdictional problem, the court will examine its subject matter jurisdiction over this case.

"Once filed, a notice of appeal divests the district court of jurisdiction to grant a [Rule 60(b) motion], unless the motion was made within the time allowed for filing a motion under Rule 59, in which case the notice of appeal does not become effective until the district court decides the motion." *Agee v. Hickenbottom*, 182 F.4th 598, 603 (7th Cir. 2026).[1] "[D]uring the pendency of an appeal the district court may consider a Rule 60(b) motion and if it indicates that it is inclined to grant it, application then can be made to the appellate court for a remand." *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 108 F.4th 458, 503 (7th Cir. 2024). "The logical consequence of this rule is that the district court may deny the motion although it cannot, until there has been a remand, grant it." *Id.*

Significantly, the appellate proceedings under Case No. 25-1406 remained pending when the court purported to grant the motion to reconsider and to reopen this case, and they remain pending now. Because jurisdiction was lacking, the court will vacate that order.

[1] Though the Seventh Circuit referred to the motion at issue as "a motion to amend the complaint," the court understands this rule as applying to motions under Fed. R. Civ. P. 60(b). The *Agee* plaintiffs sought to reopen the case under Fed. R. Civ. P. 60(b) and to amend their complaint under Fed. R. Civ. P. 15 within the same motions.

Vacating the order leaves Perry's motion to reconsider without a ruling, but the Federal Rules of Civil Procedure are instructive on this point:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). The court opts to issue an indicative ruling under Fed. R. Civ. P. 62.1(a)(3). The court states that it would grant the motion to reconsider if the Seventh Circuit remands for that purpose. More specifically, it would find that Perry's assertion of equitable tolling is sufficient to reopen this case.

For these reasons, the court:

(1) **VACATES** the order reopening this case (ECF 29);

(2) **INDICATES** that it would grant the motion to reconsider (ECF 28) if the Seventh Circuit Court of Appeals remands for that purpose; and

(3) **DIRECTS** the clerk to send a copy of this ruling to the Seventh Circuit Court of Appeals.

SO ORDERED on September 30, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT